# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

STEPHEN T. RAE,

    Plaintiff,

v.                                  Case No. 8:09-cv-1549-T-30EAJ

GREGORY PERRY and LIVEAMMO
CORPORATION,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff Steven T. Rae's Motion to Remand and for Attorney Fees (Dkt. 36) and Defendant Gregory Perry's response to the motion (Dkt. 42). The Court, having considered the motion, response, and being otherwise advised on the premises, finds that the motion should be granted.

### Background

Plaintiff Stephen T. Rae brought this action against Defendants Gregory Perry and LiveAmmo Corporation ("LiveAmmo") in the Court of Common Pleas in Lake County, Ohio. The original complaint, filed on May 28, 2009, alleges claims based on breach of contract and defamation seeking compensatory and punitive damages as well as an injunction.

Rae is an Ohio resident doing business as Network Professionals in Ohio. Defendant Perry is a Florida resident and CEO of Defendant LiveAmmo. LiveAmmo is a Delaware corporation with its principal place of business in Florida.[1]

Perry filed the Notice of Removal (Dkt. 1) in this Court on August 11, 2009. Perry asserts that this Court has diversity jurisdiction over this matter under 28 U.S.C. §1332. Rae filed a motion to remand (Dkt. 36) on August 24, 2009. In his motion to remand, Rae argues that the removal is untimely, the amount in controversy does not exceed the jurisdictional amount, the removal was not joined by all defendants, and that this Court is an improper forum under 28 U.S.C. §1446(a).

**Discussion**

Any civil case filed in state court may be removed to federal court by the defendant if the case could have been brought originally in federal court. See 28 U.S.C. § 1441(a); Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). A removing defendant has the burden of establishing both federal jurisdiction and compliance with the procedures for removal set forth in 28 U.S.C. § 1446, as a matter of fact and law. See Leonard v. Enterprise Rent A Car, 279 F.3d 967, 972 (11th Cir. 2002); Perez v. AT & T Co., 139 F.3d 1368, 1373 (11th Cir. 1998). Because removal is a statutory right it "should be construed strictly in favor of state court jurisdiction." Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); see

---

[1] At the time of removal, Perry's Motion to Dismiss for Lack of Jurisdiction was pending in the Ohio state court. In the motion, Perry challenges Ohio's personal jurisdiction over him and LiveAmmo. This Court is not making any ruling in regard to Ohio's jurisdiction over either Defendant.

also University of Southern Alabama v. American Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999); Perez, 139 F.3d at 1373.

After removal, a plaintiff may move to remand the action to state court pursuant to 28 U.S.C. § 1447(c). A motion to remand based on a removal defect other than lack of subject matter jurisdiction must be made within thirty (30) days after the filing of the notice of removal. 28 U.S.C. § 144(c). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Id.

## I. Timeliness

A removing defendant is required to file the notice of removal within 30 days after the receipt of the initial pleading setting forth the claim for relief. 28 U.S.C. §1446(b). If the case is not removable based on the initial pleading, Defendant has 30 days from the receipt of a "copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Id.

Here, the original complaint was served on Defendant LiveAmmo on June 1, 2009, and on Defendant Perry at some date prior to June 4, 2009. Perry claims that the case became "removable based upon Plaintiff's Motion to File First Amended Complaint Instanter and Brief in Opposition to Defendants' Motion to Dismiss received on July 14, 2009 as it is believed that the claims alleged by Plaintiff now exceed $75,000 USD." (Dkt. 1 at ¶ 2). However, as explained further in the following section, despite Perry's assertions to the

contrary, nothing in either of those documents provides any additional information regarding the amount in controversy.[2]

Moreover, the original complaint and the amended complaint are identical with regards to damages sought. The 30 days within which Perry was to file the notice of removal began to run on June 4, 2009, at the latest. The notice of removal was filed 68 days after Perry received the initial pleading. The notice of removal is, therefore, untimely.

## II.     Amount in Controversy

For a federal court to have jurisdiction over a case pursuant to the diversity statute, the amount in controversy must exceed $75,000, exclusive of costs and interest, and complete diversity of citizenship must exist. See 28 U.S.C. § 1332.

The Eleventh Circuit Court of Appeals has recently clarified "how a district court must proceed in evaluating its jurisdiction after removal." Lowery v. Alabama Power Co., 483 F.3d 1184, 1187 (11th Cir. 2007).[3] In Lowery, the court held that "in the removal context where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Id. at 1208 (citing Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356-57 (11th Cir. 1996), *overruled on other*

---

[2] Perry also claims that with the amended complaint he received Plaintiff's affidavit which for the first time provided a means of computing the damages for some of the claims. The affidavit was not filed in the Ohio state court action, nor was it filed in this Court. Therefore, this Court cannot assess whether removal was proper or timely based on that document.

[3] Although Lowery was decided in a Class Action Fairness Act ("CAFA") case, its holding is not limited to that context.

*grounds*; Cohen v. Office Depot, Inc., 204 F.3d 1069, 1072 (11th Cir. 2000)). The court then went on to explain that, under 28 U.S.C. § 1446(b), removal may be premised on either the plaintiff's initial pleading, such as a complaint, or "a copy of an amended pleading, motion, order or other paper." Id. at 1212-13. If, however, removal is based on a document other than the plaintiff's initial pleading, this document must have been supplied by the plaintiff. Id. at 1215, n. 63. The court then concluded that "in assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff--be it the initial complaint or a later received paper--and determines whether that document and the notice of removal [the removing documents] unambiguously establish federal jurisdiction." Id. at 1213. The court cautioned that if the jurisdictional amount is not clear and unambiguous from the face of, or readily deducible from, the removing documents, then "the court must remand." Id. at 1211.

Here, it is not facially apparent from the complaint that the amount in controversy exceeds $75,000. In the complaint, Plaintiff seeks compensatory damages in excess of $20,000, a permanent injunction enjoining Defendants from continuing their allegedly defamatory conduct, and unspecified punitive damages. Therefore, the burden is on Perry to establish the jurisdictional amount by a preponderance of the evidence. See Lowery at 1208. As noted in the previous section, Perry, in conclusory fashion, alleges that the amount in controversy exceeds $75,000 based upon Plaintiff's Motion to File First Amended Complaint Instanter and Brief in Opposition to Defendants' Motion to Dismiss. The Motion

to File First Amended Complaint Instanter makes no mention of the amount in controversy. Plaintiff only sought to amend the complaint to clarify jurisdictional issues related to Ohio's jurisdiction over Defendants. Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss also fails to support Perry's contention. In the brief, Plaintiff only mentions that Perry owes him $16,204.88, plus a bounced check fee and interest, for services already rendered. Nothing in the brief gives any further indication regarding the actual amount in controversy.

Perry also argues that the Complaint should be read as seeking damages of at least $20,000 for each of the five counts of the complaint. However, the amended complaint appears to seek "in excess of $20,000" for all counts together. The only other evidence presented by Perry is a four page exhibit attached to his response to the motion to remand. The exhibit purports to establish the "maximum allowable amount in controversy" through Perry's own calculations. The numbers used in his calculations are supported only by Perry's own speculation. Perry has, therefore, failed to meet his burden of establishing that the amount in controversy exceeds $75,000.

**III.   Unanimity**

In order for removal to be proper, the removal action must be joined by all defendants. Bailey v. Janssen Pharmaceutica, Inc., 536 F.3d 1202, 1207 (11th Cir. 2008). "To effect removal, each defendant must join in the removal by signing the notice of removal or by explicitly stating for itself its consent on the record, either orally or in writing, within the

30-day period prescribed in 28 U.S.C. § 1446(b)." Nathe v. Pottenberg, 931 F. Supp. 822, 825 (M.D. Fla. 1995).

Perry, as CEO of LiveAmmo, has attempted to speak on behalf of LiveAmmo for the purposes of this action and for the purpose of consenting to removal. However, because LiveAmmo is a corporation, it is required to be represented by licensed legal counsel. Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985). Perry cannot appear on behalf of LiveAmmo nor can he consent to removal on its behalf.

## IV. Improper Forum

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 USCS § 1441. Plaintiff originally brought this action in the Lake County Common Pleas Court in Ohio. The Middle District of Florida does not embrace Lake County, Ohio. This action cannot be properly removed from an Ohio state court to this Court.

## V. Attorney's Fees and Costs

Under 28 U.S.C. §1447, when a case is remanded for lack of subject matter jurisdiction, a court may require "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. §1447(c) (2006). The United States Supreme Court has explained that "the standard for awarding fees should turn on the

reasonableness of the removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). The Court continued, "Absent unusual circumstances, courts may award fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Id. "In applying the general rule of reasonableness, district courts retain discretion to consider whether unusual circumstances warrant a departure in a given case." Id.

In this case, Perry removed this action based only on his own unsubstantiated speculation of the amount in controversy. The Court finds that there was no objectively reasonable basis for removal.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff Stephen T. Rae's Motion to Remand and Motion for Attorneys' Fees (Dkt. 36) is **GRANTED**.

2. The Clerk is directed to remand this case to the Court of Common Pleas in Lake County, Ohio. The Clerk is also directed to forward a certified copy of this Order to that Court.

3. The Clerk is directed to terminate from our federal docket all pending motions.

4. The Clerk is directed to close this file.

5. The Court retains jurisdiction regarding attorneys' fees and costs incurred in responding to the Notice of Removal.

6. Within ten (10) days, Plaintiff shall file a memorandum with supporting affidavit(s) detailing its attorneys' fees and costs incurred in responding to the Notice of

Removal. Defendant Perry may file a memorandum in opposition within ten (10) days following Plaintiff's memorandum.

**DONE** and **ORDERED** in Tampa, Florida on October 21, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record
Clerk, Court of Common Pleas, Lake County, Ohio, P.O. Box 490, Painesville, OH 44077

S:\Odd\2009\09-cv-1549.remand.frm